```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
```

Sherine Gray,                             )    2:09-CV-218-ECR-GWF
                                          )
    Plaintiff,                            )    MINUTES OF THE COURT
                                          )
vs.                                       )    DATE: November 1, 2010
                                          )
HARRAH'S IMPERIAL PALACE CORP. dba        )
IMPERIAL PALACE HOTEL, and CHARLES        )
WILLIS,                                   )
                                          )
    Defendants.                           )
_____)


PRESENT:     EDWARD C. REED, JR.                    U. S. DISTRICT JUDGE

Deputy Clerk:     COLLEEN LARSEN      Reporter:     NONE APPEARING

Counsel for Plaintiff(s)              NONE APPEARING

Counsel for Defendant(s)              NONE APPEARING

<u>MINUTE ORDER IN CHAMBERS</u>

　　　On April 16, 2010, Defendants filed a motion (#32) for summary judgment on the basis that Plaintiff, despite numerous reminders, never made any initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Defendants also contend that discovery has come and gone and Plaintiff has failed to produce a single document or witness list. Therefore, or so the argument goes, because Plaintiff has failed to produce any evidence that a violation of 42 U.S.C. § 2000a(b)(1) has occurred, summary judgment in favor of Defendants is warranted.

　　　Initial disclosures were supposed to have been made before December 16, 2009. (Scheduling Order (#29).) Plaintiff has not asked for nor received an extension with respect to this deadline.

　　　Fed. R. Civ. P. 37(c)(1) provides in relevant part as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this

>   sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37(c)(1).  Plaintiff contends that her failure to make the required disclosures was harmless "inasmuch as Defendants clearly grasped all that Plaintiff could have included in a Rule 26.1 statement." (P.'s Opp at 4 (#33).)  Plaintiff also contends that she does not intend to call expert witnesses and has no documentary evidence.  Thus, Defendants' 26.1 statements cover all the information Plaintiff could have included in her initial disclosures.

Plaintiff's failure to comply with Rule 26 was not harmless.  Defendants cannot be expected or required to defend against a claim without having the prerequisite access to the evidence supporting the claim.  Moreover, Plaintiff offers no justification for her failure to comply with Rule 26.  Nevertheless, we decline to hold that Plaintiff should be barred from presenting any evidence at trial.  We do hold, however, that the only evidence that Plaintiff may present at trial is her own testimony, which shall be limited to matters within her personal knowledge.  Although Defendants were apprised of Plaintiff's contact information, at least via her attorney, by way of her complaint, Plaintiff did not disclose the address and telephone number of any additional witnesses in her complaint or otherwise and thus she will not be permitted to call any additional witnesses at trial.  See FED. R. CIV. P. 26(a)(1)(A)(i).  In addition, Plaintiff is precluded from offering any documentary evidence.  See id. 26(a)(1)(A)(ii).  Finally, Plaintiff is precluded from requesting damages because she did not provide "a computation of each category of damages."  See id. 26(a)(1)(A)(iii).  Indeed, with respect to relief, Plaintiff is restricted to her request for declaratory relief.  Any additional sanctions imposed under Fed. R. Civ. P. 37(c)(1) for failure to comply with Rule 26(a)(1) will be decided at a later date.

Defendants contend that, in light of the lack of evidence in this case, Defendants are entitled to judgment as a matter of law.  To establish a prima facie case under 42 U.S.C. § 2000a, a plaintiff must demonstrate that she "(1) is a member of a protected class, (2) attempted to contract for services and afford himself or herself of the full benefits and enjoyment of a public accommodation, (3) was denied the full benefits or enjoyment of a public accommodation, and (4) such services were available to similarly situated persons outside his or her protected class who received full benefits or were treated better."  Jackson v. Waffle House, Inc., 413 F. Supp. 2d 1338, 1361 (N.D. Ga. 2006).  Defendants claim that there is no evidence in support of a prima facie case.  In particular, Defendants contend that there is no evidence that similarly situated

2

persons outside of Plaintiff's protected class were treated differently that Plaintiff: "[T]here is no evidence that other patrons that were causing the disturbance that Plaintiff caused" were treated differently. (Mot. for Summ. J. at 6 (#32).)  Defendants provide, however, no evidence that Plaintiff was causing a disturbance when she was told to leave the hotel.  Thus, there is no basis to confine the class of similarly situated persons to those patrons causing a disturbance.  In contrast, Plaintiff provides a sworn statement indicating that a white photographer, with whom she was traveling, was not kicked out of the hotel.  (P.'s Aff. ¶ 12 (#33).)  On the basis of that evidence, and on the basis of Plaintiff's complaint and statement in general, we conclude that Plaintiff has shown that there remain genuine issues of material facts with respect to her prima facie case.[1]  Thus, Defendants are not entitled to a judgment as a matter of law.

On October 8, 2010, Defendants filed a "Request for Ruling on Motion for Summary Judgment" (#35).  The motion is moot in light of this order and will be denied on that basis.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion for summary judgment (#32) is **DENIED** on the basis delineated above.

**IT IS HEREBY FURTHER ORDERED** that Defendants' "Request for Ruling on Motion for Summary Judgment" (#35) is **DENIED** as moot.

```
                                    LANCE S. WILSON, CLERK

                                    By _____/s/_____
                                           Deputy Clerk
```

---

[1] We emphasize, however, that Plaintiff is restricted to testifying regarding the treatment of the photographer only to the extent she can do so based on her personal knowledge.