1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

SHERINE GRAY,                          )        2:09-cv-00218-ECR-GWF
                                       )
    Plaintiff,                     )
                                       )        **ORDER ON JURY INSTRUCTIONS**
vs.                                    )
                                       )
HARRAH'S IMPERIAL PALACE CORP.,        )
d.b.a. IMPERIAL PALACE HOTEL,          )
                                       )
    Defendants.                    )
_____)

    A copy of the packet of jury instructions given to the jury is attached to this Order as Exhibit A.  The instructions in Exhibit A are in the same sequence as the sequence in which the instructions were presented to the jury.  Each juror received his or her own copy of the instructions in Exhibit A.  The form of instructions received by the jury did not contain any citations or other source references.

    A copy of the verdict form is attached to this order as Exhibit B.  The verdict form was given by stipulation of both parties.  The jury received one copy of the verdict form, and it was signed, dated, and submitted to the Court.

    A copy of the proposed packet of jury instructions is attached to this order as Exhibit C.  This proposed packet contains all of the instructions that had been proposed by the Court, and those proposed by the parties during the course of the trial.  This packet was never presented to the jury.  Instead, the Court analyzed the

proposed instructions and, after hearing argument from counsel, made rulings regarding the final form of instructions that were to be given to the jury.  In addition, the parties' and the Court's proposed verdict forms are included.

The Court will now summarize its rulings with respect to the jury instructions.

The following-numbered instructions in Exhibit A were given without modification by stipulation: 8, 9, 15, 18, 21, 24, 26, 29.

The following-numbered instructions in Exhibit A were given as modified by stipulation: 11, 20.

The following-numbered instruction in Exhibit A was given as modified over Plaintiff's objection: none.

The following-numbered instruction in Exhibit A was given as modified over Defendant's objection: 13.

The following-numbered instruction in Exhibit A was given over Defendant's objection: 14.

The following-numbered instruction in Exhibit C was given as modified over Plaintiff's and Defendants' objections: none.

The following-numbered instructions in Exhibit C were withdrawn by stipulation: 1, 2, 3, 4, 5, 6, 7, 10, 12, 19, 22, 23, 25, 27, 28.

The following-numbered instruction in Exhibit C was rejected over Plaintiff's objection: none.

The following-numbered instruction in Exhibit C were rejected over Defendant's objection: 16, 17.

In response to Question 1 in Exhibit B, the jury answered "No." As appropriate in light of the jury's answer to Question 1, Question 2 in Exhibit B was left blank.

2

1    **IT IS, THEREFORE, HEREBY ORDERED** that the Clerk of the Court

2  shall provide a copy of this Order to counsel for Plaintiff and

3  Defendant.   The Clerk need not provide them with copies of the

4  attached exhibits, however, as the parties were given these exhibits

5  at the time jury instructions were argued and settled.

6

7  DATED: September 9, 2011.

8                                          _Edward C. Reed._

9                                          _____
                                           UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit A

General introduction

   Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

   The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

   Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

   You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Instruction No. 8

5

<u>General Instructions For Use At End of Trial — Deliberations</u>

When you retire to the jury room to deliberate, you may take with you these instructions, your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel

free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. If you have any questions or messages for me, you must write them down on a piece of paper, have the presiding juror sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your presiding juror date and sign the form. You will then return to the courtroom and your presiding juror will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

7

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

Instruction No. 9

8

42 U.S.C. § 2000a

     The plaintiff claims that the defendant violated 42 U.S.C. § 2000a. § 2000a provides:

§ 2000a. Prohibition against discrimination or segregation in places of public accommodation

(a) Equal access

     All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or natural origin.

     The plaintiff has the burden of proving her claim.  The defendant denies her claim.

Instruction No. 11

9

Place of Public Accommodation

42 U.S.C. § 2000a(b) provides that a hotel which provides lodging to guests is a place of public accommodation if its operations affect commerce.

It is not disputed that the Defendant in this case, Imperial Palace Hotel, is a hotel that affects commerce and therefore is a place of public accommodation under 42 U.S.C. § 2000a.

Instruction No. 13

10

Elements of a Violation of 42 U.S.C. § 2000a

(1) Imperial Palace affects commerce;

(2) Imperial Palace is a place of public accommodation as defined in 42 U.S.C. § 2000;

(3) Plaintiff was denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Imperial Palace;

(4) Such denial was on the grounds of her race.


If you find that the Plaintiff has proven these elements by a preponderance of the evidence, your verdict should be for the plaintiff. If, on the other hand, the Plaintiff has failed to prove any of the disputed elements, your verdict should be for the Defendant.


As noted in the previous instruction, Elements (1) and (2) are not disputed. Therefore, the only elements Plaintiff has to prove are that:

(3) Plaintiff was denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Imperial Palace;

(4) Such denial was on the grounds of her race.

Instruction No. 14

11

<u>Full and Equal Enjoyment</u>

Full enjoyment of the accommodations, facilities, advantages, or privileges of a place of public accommodation means the right to purchase all services or products of a place of public accommodation, the right to be admitted to any place of public accommodation, and the right to have access to the services and products of such a place in the same manner as all other customers.

Instruction No. 15

12

Preponderance of the evidence

Plaintiff has the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

Instruction No. 18

13

4.1 CORPORATIONS—FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Instruction No. 20

Evidence received in the case

The evidence in this case consists of the sworn testimony of the witnesses-- regardless of who may have called them--all exhibits received in evidence-- regardless of who may have produced them.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

Instruction No. 21

15

<u>Direct and circumstantial evidence</u>

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Instruction No. 24

16

1  Credibility of witnesses

2       In deciding the facts, you may have to decide which testimony to

3  believe and which testimony not to believe. You may believe everything a

4  witness says, part of it, or none of it. In considering the testimony of

5  any witness, you may take into account many factors, including the

6  witness' opportunity and ability to see or hear or know the things the

7  witness testified about; the quality of the witness' memory; the witness'

8  appearance and manner while testifying; the witness' interest in the

9  outcome of the case; any bias or prejudice the witness may have; other

10  evidence that may have contradicted the witness' testimony; and the

11  reasonableness of the witness' testimony in light of all the evidence. The

12  weight of the evidence does not necessarily depend upon the number of

13  witnesses who testify.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 26

17

<u>Jury recollection controls</u>

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

Instruction No. 29

18

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SHERINE GRAY,                          )        2:09-cv-00218
                                       )
      Plaintiff,                       )
                                       )
vs.                                    )
                                       )        **<u>Verdict Form</u>**
HARRAH'S IMPERIAL PALACE CORP.,        )
dba IMPERIAL PALACE HOTEL,             )
                                       )
      Defendant.                       )
_____   )

**QUESTION 1.**  Did the Defendant, Harrah's Imperial Palace Corp., deny

Plaintiff Sherine Gray the full and equal enjoyment of the goods,

services, facilities, privileges, advantages, and accommodations of the

Imperial Palace?

      Yes  _____

      No   _____

      If your answer to Question 1 was yes, answer Question 2.  If your

answer to Question 1 was no, do not answer any further questions, and have

the presiding juror sign and date the form at the end.

**QUESTION 2.**   If there was a denial of full and equal enjoyment, was the

denial on the grounds of Plaintiff's race?

      Yes  _____

      No   _____

      Have the presiding juror sign and date at the bottom.


                              _____

                              PRESIDING JUROR

Dated: September _____, 2011.

20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT C

**01A DUTY OF JURY (COURT READS AND**

**PROVIDES WRITTEN INSTRUCTIONS)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.    It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 1

INSTRUCTION NO. 1

**1.10 RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 6

INSTRUCTION NO. 2

### 1.13 NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 8

INSTRUCTION NO. 3

**1.14 TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 9

INSTRUCTION NO. 4

25

**1.14 TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 14

INSTRUCTION NO. 5

**1.19 OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement.

An opening statement is not evidence. It is simply an outline to help you understand what that

party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may

cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may

cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the

case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 10

INSTRUCTION NO. 6

**1.15 QUESTIONS TO WITNESSES BY JURORS**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 12

INSTRUCTION NO. 7

28

General introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.]

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Federal Jury Practice and Instructions, 5th Ed., § 103.01
Court's Proposed Jury Instruction No. 1

Instruction No. 8

29

General Instructions For Use At End of Trial — Deliberations

When you retire to the jury room to deliberate, you may take with you these instructions, your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your [presiding juror]. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to

30

each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. If you have any questions or messages for me, you must write them down on a piece of paper, have the [presiding juror] sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your [presiding juror] date and sign the form. You will then return to the courtroom and your [presiding juror] will give your verdict. Unless I direct you otherwise, do not reveal your answers

31

until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

Model Civ. Jury Instr. 3rd Cir. 3.1 (2010)

Federal Jury Practice and Instructions,  3.1

Court's Proposed Jury Instruction No. 2

Instruction No. 9

32

**3.1 DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 13

INSTRUCTION NO. 10

42 U.S.C. § 2000a

The plaintiff claims that the defendant violated 42 U.S.C. § 2000a. § 2000a provides:

§ 2000a. Prohibition against discrimination or segregation in places of public accommodation

(a) Equal access

All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or natural origin.

The plaintiff has the burden of proving her claim.

42 U.S.C. § 2000a(a)
Court's Proposed Jury Instruction No. 3

Instruction No. 11

34

**1.2 CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that the Imperial Palace and its employees violated 42 U.S.C. 2000a (b)(1). The plaintiff has the burden of proving these claims.

The defendant denies those claims.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 2

INSTRUCTION NO. 12

35

Place of Public Accommodation

42 U.S.C. § 2000a(b) provides that a hotel which provides lodging to transient guests is a place of public accommodation if its operations affect commerce.

It is not disputed that the Defendant in this case, Imperial Palace Hotel, is a hotel that affects commerce and therefore is a place of public accommodation under 42 U.S.C. § 2000a.

42 U.S.C. § 2000a(b)

Court's Proposed Jury Instruction No. 4

Instruction No. 13

Elements of a Violation of 42 U.S.C. § 2000a

(1) Imperial Palace affects commerce;

(2) Imperial Palace is a place of public accommodation as defined in 42 U.S.C. § 2000;

(3) Plaintiff was denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Imperial Palace;

(4) Such denial was on the grounds of her race.


If you find that the Plaintiff has proven these elements by a preponderance of the evidence, your verdict should be for the plaintiff. If, on the other hand, the Plaintiff has failed to prove any of the disputed elements, your verdict should be for the Defendant.

As noted in the previous instruction, Elements (1) and (2) are not disputed. Therefore, the only elements Plaintiff has to prove are that:

     (3) Plaintiff was denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Imperial Palace;

     (4) Such denial was on the grounds of her race.


42 U.S.C. § 2000a; Dawes v. Motel 6 Operating L.P., 2006 WL 276928 at *7 (E.D. Wash. Jan. 31, 2006)

Court's Proposed Jury Instruction No. 5

Instruction No. 14

37

<u>Full and Equal Enjoyment</u>

Full enjoyment of the accommodations, facilities, advantages, or privileges of a place of public accommodation means the right to purchase all services or products of a place of public accommodation, the right to be admitted to any place of public accommodation, and the right to have access to the services and products of such a place in the same manner as all other customers.

<u>Derungs v. Wal-Mart Stores, Inc.</u>, 374 F.3d 428, 434 (6th Cir. 2004)

Court's Proposed Jury Instruction No. 6

Instruction No. 15

38

To establish a prima facie case under section 2000a, a plaintiff must demonstrate that she (1) is a member of a protected class, (2) attempted to contract for services and afford himself/herself of the full benefits and enjoyment of a public accommodation, (3) was denied the full benefits or enjoyment of a public accommodation, and (4) such services were available to similarly situated persons outside his or her protected class who received full benefits or were treated better.

Jackson v. Waffle House Inc., 413 F.Supp.2d 1338, 1361 (N.D.Ga.2006)

Defendant's Proposed Instruction No. 16

INSTRUCTION NO. 16

39

**10.1B CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT—"SOLE REASON"—ELEMENTS AND BURDEN OF PROOF**

As to the plaintiff's claim that her race was the sole reason for the defendant's decision to evict her from the premises, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff was evicted by the defendant; and

2. the plaintiff's race  was the sole reason in the defendant's decision evict the plaintiff.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007) (as modified)

Defendant's Proposed Instruction No. 17

INSTRUCTION NO. 17

40

Preponderance of the evidence

Plaintiff has the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

Federal Jury Practice and Instructions, 5th ed. § 104.01
Court's Proposed Jury Instruction No. 7

Instruction No. **18**

41

**1.3 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 11

INSTRUCTION NO. 19

**4.1 CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 15

INSTRUCTION NO. 20

43

Evidence received in the case

The evidence in this case consists of the sworn testimony of the witnesses-- regardless of who may have called them--all exhibits received in evidence-- regardless of who may have produced them.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

Federal Jury Practice and Instructions, 5th Ed., § 12.03
Court's Proposed Jury Instruction No. 8

Instruction No. 21

44

**1.6 WHAT IS EVIDENCE**

     The evidence you are to consider in deciding what the facts are consists of:

     1. the sworn testimony of any witness;

     2. the exhibits which are received into evidence; and

     3. any facts to which the lawyers have agreed.

          Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

                    Defendant's Proposed Instruction No. 3


                         INSTRUCTION NO. 22

                              45

**1.7 WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 4

INSTRUCTION NO. 23

Direct and circumstantial evidence

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Federal Jury Practice and Instructions, 5th ed. § 101.42

Court's Proposed Jury Instruction No. 9

Instruction No. 24

**1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 5

INSTRUCTION NO. 25

<u>Credibility of witnesses</u>

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

<u>Federal Jury Practice and Instructions</u>, 5th ed. § 101.43

Court's Proposed Jury Instruction No. 10

Instruction No. 26

**1.11 CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of

witnesses who testify about it.

Ninth Circuit Manual of Model Jury Instructions, Civil (2007)

Defendant's Proposed Instruction No. 7

INSTRUCTION NO. 27

50

Direct and circumstantial evidence

    There are two types of evidence which are generally presented during a trial-- direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

Federal Jury Practice and Instructions, 5th Ed., § 12.04

Court's Proposed Jury Instruction No. 11

                        Instruction No. 28

1   <u>Jury recollection controls</u>

2       If any reference by the Court or by counsel to matters of testimony

3   or exhibits does not coincide with your own recollection of that evidence,

4   it is your recollection which should control during your deliberations and

5   not the statements of the Court or of counsel.

6       You are the sole judges of the evidence received in this case.

<u>Federal Jury Practice and Instructions, 5th Ed.,</u> § 12.07

Court's Proposed Jury Instruction No. 12

Instruction No. 29